UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF PENSYLVANIA

| | |
|---|---|
| TERRI V. DONALD<br>1760 Market Street, Suite 600<br>Phila PA 19103,<br><br>        Plaintiff,<br><br>  vs.<br><br><br>THE TYLER PERRY COMPANY, INC.<br>d/b/a TYLER PERRY STUDIOS<br>3300 Continental Colony Parkway SW<br>Atlanta, GA 30331            AND<br><br>LIONS GATE ENTERTAINMENT CORP.<br>d/b/a LIONS GATE<br>2700 Colorado Ave., Ste. 200<br>Santa Monica, CA 90404,<br><br>        Defendants.<br>_____ | :<br><br><br><br>CIVIL ACTION NO.: _____<br>:<br><br>JURY TRIAL DEMANDED<br><br><br><br><br>:<br><br><br><br><br>:<br><br><br><br><br><br>: |

## CIVIL ACTION: COMPLAINT

A. <u>JURISDICTION AND VENUE</u>

    1. Jurisdiction is based upon federal question, to wit, the Copyright Act of 1976 as amended.  Title 17, United States Code.

    2. Venue is proper under the Fed.R.Civ. Pro.

B. <u>THE PARTIES</u>

    3. Plaintiff  TERRI V. DONALD ("PLAINTIFF") is a private adult individual who does business at the above address; plaintiff is currently enlisted in the United States Armed Force.

    4. Defendant THE TYLER PERRY COMPANY, INC. d/b/a TYLER PERRY STUDIOS  ("TPS") is a domestic corporation doing business in this District, with its

1

corporate headquarters at the above address; defendant TPS is engaged in the production of major motion pictures, inter alia.

5.  Defendant LIONS GATE ENTERTAINMENT CORP. d/b/a LIONSGATE ("LG") is a domestic corporation doing business in this District, with its principal offices located at the above address; defendant LG is a distributor of major motion pictures, inter alia.

6.  At all times material hereto, defendants TPS and LG operated through the acts of their employees, agents, representatives, servants, and the like, acting within their course of employment and scope of duties.

7.  The doctrine of respondeat superior applies to all defendants.

C. THE FACTS

8.  PLAINTIFF, a citizen of the United States, authored a book entitled, "BAD APPLES CAN BE GOOD FRUIT" (hereinafter referred to as "Subject Book").

9.  The Subject Book is an original work which is copyrightable under Title 17 of the United States Code, to wit, the Copyright Act of 1976 as amended.

10.  The Subject Book contains "protectable elements" afforded copyright protection, which protectable elements are inclusive but not limited to the unique story line, the characters portrayed in the book, the unique, mesmerizing series of events which occur in the book, the unique expressions set forth in the book, and all unique content of the book.

11.  PLAINTIFF duly applied to the Library of Congress copyright office, and received a Certificate of Registration for the Subject Book. See Exhibit A, attached and incorporated by reference as though fully set forth herein and made a part hereof.

12.  Subsequent thereto, PLAINTIFF published the Subject Book for sale, and/or licensed the Subject Book to appropriate third parties for publication and sale, in

compliance with federal copyright law, and PLAINTIFF TERRI V. DONALD has remained the sole author and owner of the copyright of the Subject Book.

13. Subsequent to the issuance of the copyright, defendants TPS and LG infringed upon PLAINTIFF's copyright by adapting and commercially releasing PLAINTIFF's Subject Book for major motion picture usage, to wit, for defendants' film entitled, "Good Deeds"; the film "Good Deeds" was produced by defendant TPS and distributed by defendant LG.

14. Defendants' film, "Good Deeds" was commercially released to the public as a major motion picture on or about February 24, 2012.

15. Subsequent to PLAINTIFF's copyrighting the Subject Book, and prior to defendants' production of the film, "Good Deeds", PLAINTIFF sent defendant TPS a copy of the Subject Book for its review and consideration.

16. Thereafter, PLAINTIFF followed up by further correspondence to TPS; accordingly, defendant TPS had "access" to the Subject Book, which "access" is a necessary element of copyright infringement.

17. PLAINTIFF TERRI V. DONALD never entered into any agreement with either defendant which would permit defendants to adapt the Subject Book into a major motion picture; further, defendants possessed no rights whatsoever in regard usage of any aspect of PLAINTIFF's Subject Book in any manner, shape, or form whatsoever.

18. Defendants' film, "Good Deeds" is so substantially similar to PLAINTIFF's Subject Book "BAD APPLES CAN BE GOOD FRUIT" as to constitute actionable unlawful copyright infringement under Title 17 of the United States Code and applicable case law.

**COUNT ONE:  VIOLATION OF TITLE 17, UNITED STATES CODE -**

## **COPYRIGHT INFRINGEMENT**
## **(AGAINST ALL DEFENDANTS)**

19. Paragraphs 1 through 18 inclusive, are incorporated by reference as though fully set forth herein and made a part hereof.

20. Subsequent to PLAINTIFF's creation and copyrighting of the Subject Book, defendant TPS, having access to the Subject Book, decided to adapt PLAINTIFF's Subject Book into a major motion picture.

21. Absent PLAINTIFF's knowledge and consent, defendant TPS produced the major motion picture, "Good Deeds", thereby unlawfully infringing upon PLAINTIFF's Subject Book.

22. Absent PLAINTIFF's knowledge and consent, defendant LG in turn distributed the major motion picture, "Good Deeds", thereby unlawfully infringing upon PLAINTIFF's Subject Book.

23. Accordingly said defendants are liable to plaintiff for copyright infringement pursuant to Title 17 of the U.S. Code.

WHEREFORE on Count One, PLAINTIFF TERRI V. DONALD demands judgment in her favor, and against defendants TPS and LG, jointly and severally, as follows:

  a) For statutory damages of One Hundred Fifty Thousand Dollars ($150,000) per defendant;

  b) For actual damages in excess of Seventy-Five Thousand Dollars ($75,000);

  b) For interest, reasonable counsel fees at $350 per hour, and costs;

  d) For such other relief as this Court may deem proper.

## **COUNT TWO: ACCOUNTING AND CONSTRUCTIVE TRUST**

24. Paragraphs 1 through 23, inclusive are incorporated by reference as though

fully set forth herein and made a part hereof

25. PLAINTIFF is entitled to a full accounting in order to determine the exact nature and amount of revenues generated, and accrued to defendants, as a result of defendants' infringement.

26. PLAINTIFF is further entitled to imposition of a constructive trust for all revenues collected by defendants pertaining to "Good Deeds", said revenues to be set aside and deposited in a separate bank account in constructive trust for PLAINTIFF.

WHEREFORE on Count Two, PLAINTIFF TERRI V. DONALD demands judgment in her favor, and against defendants TPS and LG, jointly and severally, as follows:

a) For defendants to each file a full accounting listing all gross revenues earned in regard to the motion picture, "Good Deeds"

b) For the imposition of a constructive trust in favor of PLAINTIFF:

c) For interest, reasonable counsel fees of $350 per hour, and costs,

d) For such other relief as this Court may deem proper.

## COUNT THREE: INJUNCTIVE RELIEF
## (AGAINST ALL DEFENDANTS)

27. Paragraphs 1 through 26 inclusive, are incorporated by reference as though fully set forth herein and made a part hereof.

28. PLAINTIFF's copyrighted work is unique and extraordinary, and defendants' improper unlawful action has caused, and continues to cause, irreparable damage to PLAINTIFF.

29. PLAINTIFF is entitled to injunctive relief as set forth hereinbelow because she has no adequate remedy at law.

30.  Plaintiff is entitled to this Court's grant of injunctive relief.

WHEREFORE on Count Three, PLAINTIFF TERRI V. DONALD demands judgment in her favor, and against all defendants, jointly and severally, as follows:

a)  For the issuance of a permanent injunctions requiring defendants to:

i) Edit the film "Good Deeds" to prominently display, in large bold, single card, in the opening and closing credits",

**"BASED UPON THE NOVEL**

**"BAD APPLES CAN BE GOOD FRUIT"**

**BY TERRI V. DONALD"**

defendants' continued unlawful use of plaintiff's copyrighted work;

ii)  Edit all printed advertising and media for the film, "Good Deeds", to include the above-pleaded or a mandatory injunction requiring defendants' to alter all printed materials

pertaining to the New Song to reflect plaintiff's proprietary interest in the copyright and all rights appurtenant thereto;

b)  For reasonable counsel fees and costs;

c)  For such other relief as this Court may deem proper

Respectfully submitted,

Nov. 13, 2012               */Simon J. Rosen, Esq./ (#6279)*

Attorney ID #38603

1760 Market St., #600

Phila PA 19103

SimonOnKey@aol.com

(215)564-0212